# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CARLOS GUSTAVO PARDO GOMEZ,

     Petitioner,

v.                                     No. 25-cv-0872-SMD-JMR

U.S. IMMIGRATION AND
CUSTOM ENFORCEMENT, *et al*,

     Respondents.

## MEMORANDUM OPINION AND ORDER

     This matter is before the Court on Petitioner Carlos Gustavo Pardo Gomez's *pro se* 28 U.S.C. § 2241 Habeas Petition.  Doc. 1 (Petition).  Petitioner challenges his immigration detention on the ground that his removal to Venezuela is not reasonably foreseeable.  The Petition cites *Zadvydas v. Davis,* 533 U.S. 678, 682 (2001), which governs the timeline for removal and U.S. Immigration and Customs Enforcement ("ICE") detention.  *Zadvydas* holds that where, as here, immigration officials are attempting to effectuate a removal, detention is presumptively reasonable for six (6) months.  533 U.S. at 682.  However, "[a]fter this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional.  *Id. at* 701.

     Petitioner has been in custody since July 5, 2025 (*i.e.,* about four months).  Petition at 2.  To overcome the presumption of reasonableness, Petitioner points out that he was granted a withholding of removal to Venezuela due to a well-founded fear of persecution, and immigration officials have not identified another country willing to accept Petitioner at this time.  Petition at

1-3.   The Court agrees that, under these circumstances, Respondents should answer the Petition, as set forth below.   The Clerk will email a copy of the Petition (Doc. 1, supplemented by Doc. 6) and this Order to Roberto Ortega, the Civil Chief at the United States Attorney's Office (USAO). That office typically answers § 2241 immigration petitions on behalf of Respondents.   If the USAO accepts service on behalf of Respondents, the answer is due within twenty-one (21) days of entry of this Order.   *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).

Petitioner also asks the Court to stay his removal to any alternative country.   Doc. 4 (Motion to Stay).   The Court discerns Petitioner seeks *ex parte*, emergency injunctive relief under Fed. R. Civ. P. 65.   To obtain a preliminary injunction or temporary restraining order, Petitioner must show: "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest."   *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)).   The Tenth Circuit counsels that a "preliminary injunction is an extraordinary remedy, the exception rather than the rule."   *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019).   "[T]he movant's right to relief must be clear and unequivocal."   *Fundamentalist Church of Jesus Christ of Latter–Day Saints v. Horne,* 698 F.3d 1295, 1301 (10th Cir. 2012) (citations omitted).

The Motion to Stay consists of one sentence.   Petitioner alleges "immigration officials informed [him] that he would be transferred to Mexico if he agreed to withdraw his pending appeal

2

before the Board of Immigration Appeals."   Motion to Stay at 1.   This information is insufficient to warrant *ex parte* relief.   The Court cannot discern irreparable harm based on the immigration official's offer.   Moreover, Petitioner has not shown he is substantially likely to succeed on the merits (*i.e.,* that his detention is illegal because—at this time—removal is not reasonably foreseeable).   The Court will therefore deny the Motion to Stay without prejudice to refiling a more detailed submission.   To further develop the record, the Court will also require the USAO to include information in its response regarding any alternative proposals for removal and the status of Petitioner's asylum appeal.

**IT IS ORDERED** that Petitioner's Emergency Notice and Motion for Stay of Removal (**Doc. 4**) is **DENIED without prejudice** to refiling a more detailed submission.

**IT IS FURTHER ORDERED** that the Clerk's Office shall forward a copy of the Petition (**Doc. 1, supplemented by Doc. 6**) and this Order to the United States Attorney's Office at the following email address: roberto.ortega@usdoj.gov (Roberto Ortega, USAO Civil Chief).

**IT IS FURTHER ORDERED** that Respondents must answer the Petition within twenty-one (21) days of entry of this Order.

**IT IS FINALLY ORDERED** that if Petitioner wishes to file an optional reply, he must do so within fourteen (14) days after the response is filed.

_____
HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE

3