IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS GUSTAVO PARDO GOMEZ,

    Petitioner,

v.                                              1:25-cv-00872-SMD-JMR

UNITED STATES IMMIGRATION AND CUSTOM
ENFORCEMENT, and FNU LNU, *Director of the
Torrance County Detention Facility*,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on pro se[1] Petitioner Carlos Gustavo Pardo Gomez's

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed on September 8, 2025. Doc.

1. In addition, on October 23, 2025, Petitioner filed a Supplemental Motion for Release Under

*Zadvydas v. Davis*. Doc. 6. Pursuant to the Court's order to answer, Doc. 7, Respondent United

States Immigration and Customs Enforcement ("ICE") filed a response on December 8, 2025.

Doc. 11. Petitioner did not file a reply by the December 22, 2025 deadline. *See* Doc. 7 at 3

(optional reply due 14 days after response filed). United States District Judge Sarah M.

Davenport referred this case to me pursuant 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct

hearings, if warranted, and to perform any legal analysis required to recommend to the Court an

ultimate disposition. Doc. 8. Having considered the parties' submissions, the relevant law, and

---

[1] Because Petitioner is a pro se litigant, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

the record in this case, I conclude that Petitioner is not entitled to relief.  Therefore, I recommend

that the Court DENY Petitioner's petition.

## I.     Procedural Background

Petitioner is a citizen of Venezuela.  Doc. 1 at 2 ¶¶ 1, 7.  On May 8, 2024, Petitioner

entered the United States "without inspection, admission, or parole" and was arrested by United

States Border Patrol ("USBP").  Doc. 11-1 ¶ 4.[2]  On May 9, 2024, USBP issued Petitioner a

notice to appear and released him on his own recognizance.  *Id.* ¶ 5.  On February 5, 2025,

Petitioner filed an Application for Asylum and Withholding of Removal.  *Id.* ¶ 6.  On June 4,

2025, an immigration judge denied Petitioner's asylum claim and ordered Petitioner removed

from the United States, but granted Petitioner withholding of removal to Venezuela.  Doc. 1 at 2

¶ 4; Doc. 11-1 ¶ 7.  On July 5, 2025, Petitioner was arrested by Homeland Security

Investigations and Enforcement and Removal Operations.  Doc. 11-1 ¶ 9.  On July 15, 2025,

Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") challenging the denial

of his asylum claim.  Doc. 1 at 2 ¶ 5; Doc. 11-1 ¶ 10.  Petitioner "is currently detained pursuant

to 8 U.S.C. § 1225(b)(2)(A) pending resolution of the appeal."  Doc. 11-1 ¶ 16.

## II.     Petitioner's Claims

Petitioner argues that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678

(2001)[3] because his "removal is not reasonably foreseeable."  Doc. 1 at 2.  He asserts that he

should prevail on his *Zadvydas* claim because he was granted withholding of removal to

---

[2] Document 11-1 is a sworn affidavit from Matthew E. Trujillo, Supervisory Detention and
Deportation Office at ICE in Albuquerque, N.M. ("Trujillo Affidavit").

[3] Petitioner also cites *Clark v. Martinez*, 543 U.S. 371 (2005), a case that clarified the scope of
*Zadvydas.*  Doc. 1 at 2.  *Clark* clarified that the due process protections that *Zadvydas* held
applied to removable aliens applied with equal force to inadmissible aliens.  *Clark*, 543 U.S. at
378.

Venezuela.  *Id.*   In Petitioner's view, this means his "removal is legally barred" and that continued detention violates his due process rights.  *Id*.

In response, ICE asserts a litany of arguments.  *See* Doc. 11 ¶¶ 29–42.  One of these arguments is fatal to Petitioner's claim:  "Petitioner is still in removal proceedings as an appeal is pending."[4]  *Id*. ¶ 29.  ICE points out that "Petitioner appealed the denial of his asylum claim entered by the immigration judge."  *Id*. ¶ 37.  And ICE argues that because Petitioner has filed an appeal to the BIA, his "removal order has not yet become a final order."  *Id.* (citing *Demore v. Kim*, 538 U.S. 510 (2003)).

III.    **Analysis**

Petitioner is "currently detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending resolution of [his] appeal."  Doc. 11-1 ¶ 16 (Trujillo Affidavit).  An alien[5] detained pursuant to § 1225(b)(2)(A) is considered "an applicant for admission."  8 U.S.C. § 1225(b)(2)(A).  "[I]f the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  *Id*.  A proceeding under section 1229a—known as a "removal proceeding"— is conducted by an immigration judge to decide "the inadmissibility or deportability of an alien."  8 U.S.C. § 1229a(1).  If an immigration judge orders an alien seeking

---

[4] In its response, ICE argues that Petitioner is detained pursuant to 8 U.S.C. § 1231(a)(6). Doc. 11 ¶ 29.  However, in the declaration attached to its response, the declarant indicates that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) because the Petitioner's case is currently on appeal with the BIA. Doc. 11-1 ¶ 16. Given the declaration and the procedural posture of Petitioner's immigration case, the Court presumes that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).

[5] The Court recognizes that some consider the term "alien" to be pejorative.  However, the term "alien" is used in the relevant statutory framework.  The Court uses this word to avoid legal imprecision or ambiguity that may be caused by using an alternative word.

admission to be removed, the alien may appeal the decision of the immigration judge to the BIA.

8 C.F.R. § 1240.15.  If an alien appeals, the immigration judge's order of removal does not

become a "final order of removal" until the appeal is dismissed by the BIA.  8 C.F.R.

§ 1241.1(a).

Only after entry of a final order of removal does the "removal period" begin and statutory

authority for detention shift to 8 U.S.C. § 1231.[6]  In *Zadvydas,* the Supreme Court held that

indefinite detention of an alien with a final order of removal violated due process.  *Zadvydas v.*

*Davis*, 533 U.S. 678 (2001).  If an alien has a final order of removal, the Attorney General "shall

detain the alien" during the 90-day removal period established under 8 U.S.C. § 1231(a)(2).  *See*

*Zadvydas*, 533 U.S. at 683.  Generally, the government is required to remove the alien held in its

custody within the 90-day removal period.  *See* 8 U.S.C. § 1231(a)(1)(A).  While the government

may detain an inadmissible alien beyond the 90-day removal period, the government may not

detain such an alien indefinitely.  *Zadvydas*, 533 U.S. at 699.  Instead, *Zadvydas* held that the

detention of an alien subject to a final order of removal for up to six months is presumptively

reasonable in view of the time required to accomplish removal.  *Id.* at 701.  Beyond that period,

if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable

future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*

Furthermore, as the period of detention grows, "what counts as the 'reasonably foreseeable

future' conversely would have to shrink."  *Id.*

---

[6] The removal period begins on the latest of:  (i) the date the order of removal becomes administratively final;  (ii) the date of the court's final order if the removal order is judicially reviewed and the court orders a stay of removal;  or (iii) the date an alien is removed from detention, if that detention is not under an immigration process.  8 U.S.C. § 1231(a)(1)(B).

The due process analysis in *Zadvydas* applies to aliens with final orders of removal. *Zadvydas* does not apply to aliens like Petitioner—detained under 8 U.S.C. § 1225(b)(2)(A) during removal proceedings.  *See* Doc. 11-1 ¶ 16.  The Supreme Court considered the due process protections available to aliens detained under 8 U.S.C. § 1225(b)(2)(A) in *Jennings v. Rodriguez,* 583 U.S. 281 (2018).  The *Jennings* court distinguished detention under § 1225(b)(2) from detention under § 1231(a)(6), ultimately concluding that the *Zadvydas* framework did not apply to detention under §1225(b)(2).  *Jennings*, 583 U.S. at 300–01 (Section 1225(b)(2) "mandate(s) detention until a certain point and authorize(s) release prior to that point only under limited circumstances.  As a result, [§1225(b)(2)] can[not] reasonably be read to limit detention to six months."); *see also Demore,* 538 U.S. at 511–12 (explaining how the *Zadvydas* analysis does not apply to another statute (§ 1226(c)) that mandates detention during removal proceedings); *Utoliti v. Ceja*, No. 25-cv-00418-GPG-CYC, 2025 WL 2418598, at *6 (D. Colo. May 29, 2025) (noting that *Zadvydas* addressed challenges to post-removal detention and "not detention during ongoing removal proceedings").

Because Petitioner does not have a final order of removal, Petitioner's argument that he is entitled to relief under *Zadvydas* is without merit.  Petitioner fails to show how his detention during removal proceedings and before he has obtained a final order of removal violates his due process rights.  I therefore recommend his petition (Doc. 1) be denied.

## RECOMMENDED DISPOSITION

For the reasons discussed above, I recommend that the Court DENY Petitioner's petition

(Doc.1).  In addition, I recommend the Court DENY Petitioner's Supplemental Motion for

Release Under *Zadvydas v. Davis* (Doc. 6).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  In other words, if no objections are filed, no appellate review will be allowed.**

_____
JENNIFER M. ROZZONI
United States Magistrate Judge