**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CARLOS GUSTAVO PARDO GOMEZ,

*Petitioner*,

v. No. 1:25-cv-00872-SMD-JMR

ICE, *et al*.,

*Respondents*.

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Carlos Gustavo Pardo Gomez's Supplemental Notice of Intervening Controlling Authority and Material Developments ("Amended Petition"), filed on August 13, 2026. Doc. 18. The Court's September 30, 2026 Order detailed the procedural postures of this case, including Petitioner's objections to the United States Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD"). *See* Doc. 21.

Petitioner's initial Petition states that he is a Venezuelan national who was taken into Immigration and Customs Enforcement ("ICE") custody on July 5, 2025. Doc. 1 at 2. On July 7, 2025, Petitioner appealed a June 4, 2025 decision by an Immigration Judge in Puerto Rico denying asylum but granting withholding of removal to Venezuela. *Id.* On September 8, 2025, Petitioner filed his initial Petition, asserting that under *Zadvydas v. Davis* and *Clark v. Martinez*, the government could not detain him indefinitely where removal was not reasonably foreseeable. *Id.* at 3. At the time of filing, Petitioner was detained at Torrance County Detention Facility in Estancia, New Mexico.

On August 13, 2026, Petitioner filed a Supplemental Notice of Intervening Controlling Authority and Material Developments. Doc. 18. In that Notice, Petitioner asserts that he entered

the United States in 2024 and that he is entitled to a bond hearing under *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), an argument not raised in his initial Petition. The Court has construed the filing as an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 and ordered Respondents to answer. *See* Doc. 20 at 2.

Respondents timely filed an abbreviated response to Amended Petition. They did not submit a substantive brief opposing the Amended Petition or addressing the particular circumstances of Petitioner's detention. Respondents instead concede that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249 (10th Cir. 2026) controls. *See* Doc. 22 at 1.

Respondents nonetheless maintain that the appropriate relief would be an order requiring them to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or, alternatively, release him in accordance with *Santillan Quiroz*. *See* Doc. 22 at 1.

**LEGAL STANDARD**

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I. Statutory Framework: 8 U.S.C. §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *Id.* at 306.

The Tenth Circuit endorsed this Court's historic understanding of §§ 1225 and 1226, which aligned with the vast majority of district courts in this circuit, in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of

inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

II. <u>The Government's Detention of Petitioner Violates His Fifth Amendment Rights.</u>

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and Respondents have deprived him of that interest without constitutionally adequate process.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore*, 538 U.S. at 527. As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued

detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santilla Quiroz*, 180 F.4th at 1249 (citation omitted). Here, the Government has offered neither justification nor process for the deprivation of Petitioner's protected liberty interest. The Government has therefore violated Petitioner's Fifth Amendment rights, and he is entitled to habeas relief. *Cf. Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315, at *17 (7th Cir. July 30, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require." 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Here, Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, which has lasted approximately 16 months since July 5, 2025. Accordingly, the Court finds that immediate conditional release is the appropriate remedy. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## CONCLUSION

It is hereby **ORDERED**:

1) The Amended Petition for Writ of Habeas Corpus (Doc. 20) is **GRANTED**;

2) Respondents shall release Petitioner within 48 hours of this Order being entered;
3) Respondents **SHALL** facilitate Petitioner's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address;
4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;
5) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures;
6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.



**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**